IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | | |
|---|---|---|
| MARK G. WOOD, M.D., and<br>SOUTHWEST GEORGIA<br>NEPHROLOGY AND<br>HYPERTENSION CENTER,<br>      Plaintiffs,<br><br>v.<br><br>ARCHBOLD MEDICAL CENTER,<br>INC., et al.,<br>      Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No.<br>6:05-CV-53 (HL) |

### QUALIFIED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF

### PROTECTED HEALTH INFORMATION

1. Except as noted in this paragraph, this Order shall govern all documents and other materials used or disclosed by parties or non-parties in connection with this action which constitute Protected Health Information, as that term is defined in the Privacy Regulations promulgated pursuant to the Health Insurance Portability and Accountability Act, 45 C.F.R. Parts 160 and 164 (the "Privacy Regulations"), and any copies, summaries, pleadings, testimony or transcripts containing quotations therefrom or references thereto. This Order shall not apply to Protected Health Information disclosed pursuant to an order of the Court or the written authorization of the patient whose information is at issue. This Order is intended to constitute a "qualified protective order" as described in 45 C.F.R. §164.512(e).

2. Any party preparing, serving or filing any document containing or referring to Protected Health Information shall mark such documents "Protected Health Information," but

only after first conferring with the opposing parties regarding the proposed designation of Protected Health Information. With respect to any deposition in which Protected Health Information is the subject of examination, any party or third party may invoke this Order by stating on the record during the taking of the deposition that some or all of the examination is Protected Health Information. All copies of any transcript of a deposition, the exhibits to any deposition, or any portion thereof which a party or third party has designated Protected Health Information, in whole or in part, shall be marked by the court reporter "Protected Health Information," but only after the parties have first conferred regarding the designation of the transcript, exhibits, or any portion thereof as Protected Health Information. The parties' consultations shall not extend the amount of time allowed to respond to any discovery requests, and all consultations must take place within the time allotted for any response. After the parties have conferred, the party proposing the designation shall so designate the document, transcript, exhibit, or any portion thereof as Protected Health Information. The remainder of the document, transcript or exhibit will not be categorized as Protected Health Information and may be disseminated and used in accordance with all applicable laws, rules and regulations.

    3. Inadvertent production of protected document(s) shall not constitute a waiver of the right to make an after-the-fact good faith designation. Upon the discovery of such inadvertent production, the producing party shall notify the parties in receipt of the document that it is designated "Protected Health Information," and shall confer with the parties regarding the proposed designation as Protected Health Information. An after-the-fact designation may be made orally on the record in any deposition, together with any explanation relative to

inadvertence or oversight, and after conferring with the other parties regarding the proposed designation as Protected Health Information, shall be honored by all present in the same manner as if originally designated "Protected Health Information."

4. Protected Health Information used or disclosed in this action shall not be used or disclosed for any purpose other than this action, except as otherwise permitted by the Privacy Regulations.

5. Upon final termination of this action, each party and person shall return all Protected Health Information, including all copies thereof, to the party who originally disclosed the Protected Health Information.

6. No part of the restrictions imposed by this Order may be terminated, except by order of the Court.

7. After the parties confer regarding whether information should be designated Protected Health Information, and information is so designated by any party, any other party may object to the Protected Health Information designation of any material by serving written notice of objection on all parties, specifying the materials to which objection is made. The party maintaining the Protected Health Information shall file a motion for determination by the Court within 10 days. The issue of whether the material is Protected Health Information shall be preserved pending resolution of the issue by the Court.

8. The fact that any information is disclosed or produced in discovery or offered or admitted into evidence at any hearing or trial shall not be construed as a waiver in any other context or proceeding before any court, agency or tribunal as evidence of whether such

information is or is not confidential or proprietary.

**SO ORDERED**, this the 8th day of November, 2006.

/s/ Hugh Lawson
**HUGH LAWSON, Judge**

scs